UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ANTHONY CALABRESE,

Plaintiff,

v.

MICHELLE TIERNEY, et al.,

Defendants.

Civil Action No. 19-12526 (RK) (TJB)

<u>OPINION</u>

<u>**KIRSCH, District Judge**</u>

**THIS MATTER** comes before the Court on Defendant Bernardino L. Alvarado's ("Defendant") Motion for Summary Judgment. ("Mov. Br.," ECF No. 51.) Plaintiff Anthony Calabrese ("Plaintiff") filed a brief in opposition. ("Opp'n," ECF No. 54-1.) Alvarado did not file a brief in reply. As part of its Motion, Defendant also filed a Statement of Facts. ("Def. SOF," ECF No. 51-1 at 4–5.) Plaintiff filed a Counter Statement of Facts as part of its opposition brief, ("Pl. SOF 1", ECF No. 54 at *1–2), as well as a "Response to Defendant['s] Statement of Material Facts Not in Dispute" ("Pl. SOF 2.," ECF No. 54-2.)[1] The Court has considered the parties' submissions

---

[1] Both parties failed to comply with Local Civil Rule 56.1(a). Here, Defendant did not to file its statement of facts in a document separate from its briefs; instead, Defendant incorporated its statement of facts into a section of its moving brief. In addition, Defendant did not file a counterstatement of facts to Plaintiff's supplemental statement of facts. Plaintiff, on the other hand, failed to provide a cite for each factual assertion in its counterstatement of facts. Plaintiff cited to pages of Defendant's deposition transcript to support whole paragraphs of factual assertions. Pursuant to Local Civil Rule 56.1, "the movant shall furnish a statement which sets forth material facts as to which there does not exist a genuine issue, in separately numbered paragraphs citing to the affidavits and other documents submitted in support of the motion. . . . Each statement of material facts shall be a separate document (not part of a brief) and shall not contain legal argument or conclusions of law." Local Civ. R. 56.1. Moreover, "[t]he movant shall respond to any such supplemental statement of disputed material facts as above, with its reply papers." (*Id.*) "[A]ny material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion." *Id.*; *see Contreras v. United States*, No. 19-12870, 2022 WL 970192, at *1 (D.N.J. Mar. 31, 2022) (plaintiff's failure to submit a response to the defendant's statement of facts resulted in "each of the thirty-three facts set forth

and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Defendant's Motion for Summary Judgment is **GRANTED**.

I. **BACKGROUND**

    A. **Factual Background**

This action stems from a police investigation into Plaintiff and subsequent July 16, 2018 traffic stop and arrest of Plaintiff. As will be made clear hereinafter, on July 12, 2018, the Honorable Wendel E. Daniels, P.J.Cr.P, issued a search warrant for Plaintiff's car. (Def. SOF ¶¶ 5–7.)[2] Defendant prepared the affidavit supporting the warrant on July 9, 2018. (*See* ECF No. 51-2, Ex. A.) The affidavit explained that Defendant, a member of the Brick Township Police Department's Drug Enforcement Unit and who has over ten (10) years of law enforcement experience, had been investigating Plaintiff. (*Id.* at *5–7.) As part of his months-long investigation, during the week of April 8, 2018, Defendant met with a confidential informant (the "CI"), who reported that Plaintiff was selling marijuana, and that the CI had purchased same from Plaintiff before. (*Id.* at *8.) The CI also stated that he/she[3] had seen Plaintiff with a handgun. (*Id.*) Defendant met with the CI again during the week of June 3, 2018, and the CI, in a phone conversation overheard by Defendant, agreed to purchase marijuana from Plaintiff. (*Id.*) The CI then purchased

---

in the [defendant's facts] be[ing] deemed admitted and undisputed for purposes of this Motion"); *Owens v. Am. Hardware Mut. Ins. Co.*, No. 11-6663, 2012 WL 6761818, at *3 (D.N.J. Dec. 31, 2012) ("Without compliance with the Rule, the Court is left to sift through often voluminous submissions in search of—sometimes in vain—the undisputed material facts."). Notwithstanding the parties' failure to comply with the Local Rules, the Court has ventured to parse the record to identify any facts in dispute.

[2] Plaintiff's Amended Complaint, (ECF No. 4), and Chief Judge Wolfson's Opinion dismissing in part Plaintiff's claims, (ECF No. 18), do not mention the months-long investigation into Plaintiff involving a confidential informant and controlled purchases of marijuana, which led to the issuance of a search warrant, or the warrant itself. As such, Judge Wolfson's Opinion, which accepted Plaintiff's facts as true, assumed that the July 16, 2018 search of Plaintiff's vehicle was without probable cause.

[3] The affidavit does not disclose the gender of the CI and refers to the CI as "he/she." As such, the Court will do the same.

marijuana from Plaintiff, which was tested and confirmed as same by the Brick Township Police Department. (*Id.* at *8–9.) Defendant and his team surveilled Plaintiff's home, where they saw Plaintiff drive from his home to the pre-arranged location. (*Id.*) Defendant orchestrated another sale of marijuana from Plaintiff to CI during the week of July 1, 2018. (*Id.* at *9–10.) Thereafter, another confidential source revealed to Defendant that they had seen Plaintiff with, and believed Plaintiff had, numerous handguns. (*Id.* at *10.) Defendant conducted a search of Plaintiff's records, which revealed that Plaintiff had previously been arrested for felony possession of marijuana and violation of a domestic violence order. (*Id.* at *11.) Subsequently, Defendant applied for a warrant, which was approved by a Senior Assistant Prosecutor on July 9, 2018, and thereafter, Judge Daniels issued the search warrant for Plaintiff's car and home. (*Id.* at *13.)

Prior to his arrest, on July 7, 2018, Plaintiff, a registered nurse, lent his motor vehicle, a black Toyota 4Runner, to a friend, Michael Claudi ("Claudi") (Def. SOF ¶ 1.)[4] Claudi, who unbeknownst to Plaintiff was driving with a suspended license, was pulled over by Brick Township detectives. (*Id.*; Pl. SOF 1 ¶ 2.) After Claudi was arrested, Plaintiff's car was sent to an Exxon gas station, where Plaintiff retrieved it. (Def. SOF ¶ 2.) Plaintiff contends that his car had been "ransacked," as medical documents and personal items were thrown around the car, groceries, purchased by Claudi, were thrown on top of Plaintiff's items, and the outside of the car was scratched. (Pl. SOF. 1 ¶ 2.) The next day, Plaintiff filed a written complaint with the Brick Township Police Department concerning the alleged damage. (*Id.* ¶ 3.) On July 9, 2018, Plaintiff

---

[4] There appears to be some disagreement as to when Claudi borrowed Plaintiff's car. While Plaintiff's Statement of Facts explains that Plaintiff lent Claudi his car on July 5, 2018, (Pl. SOF 1 ¶ 2), the Amended Complaint states that Claudi borrowed Plaintiff's car on July 7, 2018. (*See* ECF No. 4 ¶ 30.) In Plaintiff's counter statement of facts, Plaintiff "admitted" Defendant's fact, which refers to the date the car was borrowed as July 7th. (*See* Pl. SOF 2 ¶ 1.) In any event, the exact date is immaterial to the Opinion.

subsequently spoke to an internal affairs ("IA") officer from the police department regarding the incident. (*Id.*)

On July 16, 2018, Plaintiff was driving to the bank to make a mortgage payment when he was pulled over by Brick Township Police detectives, including Defendant. (Pl. SOF. 1 ¶ 4; Def. SOF ¶ 8.) The detectives drew their weapons on Plaintiff and shouted, "You know what this is about." (Def. SOF ¶ 11.) Plaintiff contends that Defendant referenced his IA complaint and took Plaintiff's mortgage money, stating, "that's mine now." (Pl. SOF 1 ¶¶ 5–6.) Plaintiff was arrested and taken to the Brick Township Police Department and was incarcerated until October 26, 2018. (Def. SOF ¶ 12–13.) Plaintiff ultimately pled guilty to possession of stolen property and possession of marijuana with the intent to distribute. (*Id.* ¶ 13.)

### B. Procedural History

On May 15, 2019, Plaintiff filed suit for alleged violations of his civil rights against Joseph Coronato, Michelle Tierney, Marlene Lynch Ford, Chief Justice Stuart Rabner, Alvarado, and Ocean County. (ECF No. 1.) On May 25, 2019, Plaintiff amended his complaint. (ECF No. 4.) Plaintiff asserted nine (9) causes of action: due process violations under 42 U.S.C. §§ 1983, 1985, as well as well N.J. Stat. Ann. § 10:6-2, the New Jersey Civil Rights Act ("NJCRA") (Counts One through Five); First Amendment and free speech violations under 42 U.S.C. § 1983 ("Section 1983") and the NJCRA (Counts Six and Seven); and cruel and unusual punishment in violation of Plaintiff's Eight Amendment rights under 42 U.S.C. § 1983 and the NJCRA (Counts Eight and Nine). (*See id.* ¶¶ 46–64.) Multiple defendants, including Alvarado, moved to dismiss the claims against them.

On March 27, 2020, the Honorable Chief Judge Freda Wolfson, U.S.D.J., issued an Opinion granting in part and denying in part Alvarado's Motion to Dismiss.[5] (ECF No. 18.) Former Chief Judge Wolfson dismissed Counts One through Three as barred by the statute of limitations and Counts Eight and Nine for failing to state a claim. (*Id.* at 10–14; 21–25.) With respect to Counts Four and Five, Judge Wolfson construed the Complaint as asserting a Fourth Amendment violation relating to a motor vehicle stop. (*Id.* at 15.) Judge Wolfson held that Plaintiff sufficiently pled an unlawful seizure in violation of the Fourth Amendment without probable cause. (*Id.* at 18.) In Counts Six and Seven, the Court held that Plaintiff's Federal and State free speech violations could proceed, as Plaintiff had alleged that he engaged in protected speech, was pulled over without probable cause or reasonable suspicion, and the officers who pulled him over referenced his complaint about the Brick Township police force. (*Id.* at 20–21.) In addition, Judge Wolfson held that Plaintiff's claims were not barred by virtue of his guilty plea under *Heck v. Humphrey*, 512 U.S. 745 (1994).[6] (*Id.* at 17–20.) Judge Wolfson explained that "the instant lawsuit only requires the Court to ascertain the validity of the traffic stop," which "will not impact the validity of Plaintiff's conviction." (*Id.* at 17–18.) As such, his civil rights claims "do[] not impugn the validity of his guilty plea or conviction and the *Heck* bar does not apply." (*Id.* at 18.)

Following the close of discovery, Defendant filed the subject motion, moving for summary judgment on Counts Four, Five, Six, and Seven. (ECF No. 51.) This motion is now pending before the Court.

---

[5] Judge Wolfson also dismissed defendant Ocean County in full. (*See* ECF No. 19.) Plaintiff later stipulated to dismiss defendants Stuart Rabner, Michelle Tierney, Joseph Coronato, and Marlene Lynch Ford. (*See* ECF No. 20.) As such, Alvarado is the only remaining defendant. The Court, therefore, only recites aspects of Judge Wolfson's opinion relevant to Alvarado.

[6] The Court adopts this analysis under the law of the case doctrine. *See Scudder v. Colgate Palmolive Co.*, No. 16-7433, 2018 WL 4188456, at *2 (D.N.J. Aug. 31, 2018) ("The law of the case doctrine 'limits relitigation of an issue once it has been decided' in the same case or litigation." (quoting *Hoffman v. City of Bethlehem*, 739 F. App'x 144, 150 (3d Cir. June 20, 2018)).

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides that the Court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court must "view[] the facts in the light most favorable to the party against whom summary judgment was entered." *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)). A "material fact" is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A "genuine dispute" about a fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the nonmoving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F. 3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

The party moving for summary judgment has the initial burden of establishing its right to summary judgment. *See Celotex Corp.*, 477 U.S. at 323. To show that a material fact is not genuinely disputed, it "must . . . cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). The moving party may also meet its burden by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). Once the movant meets its threshold burden under Rule 56, the non-moving party

must present evidence to establish a genuine issue as to a material fact. *See Anderson*, 477 U.S. at 248; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (the non-movant "must do more than simply show that there is some metaphysical doubt as to material facts.").

### III. DISCUSSION

Defendant moves for summary judgment on the remainder of Plaintiff's claims. (*See generally*, Mov. Br.) First, Defendant argues that the traffic stop was pursuant to a lawful warrant and supported by probable cause. Second, Defendant contends that he has qualified immunity for his actions and thus cannot be held liable. In his very brief, five (5) page opposition, Plaintiff contends that Defendant's actions were retaliatory for his IA complaint. (*See generally*, Opp'n.) In addition, he questions whether the facts underlying the warrant are truthful. (*See id.*; Pl. SOF 2 ¶ 6.)

#### A.   UNLAWFUL SEIZURE

As Judge Wolfson expounded in her prior Opinion, in Counts Four and Five, Plaintiff asserts an unlawful seizure claim pursuant to the federal and New Jersey Constitutions under Section 1983 and the NJCRA respectively. (*See* ECF No. 18 at 15.) The Fourth Amendment safeguards the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures" and states that "no Warrants shall issue, but upon probable cause." U.S. Const. amend. IV. As the Supreme Court has explained, "[t]emporary detention of individuals during the stop of an automobile by the police, even if only for a brief period and for a limited purpose, constitutes a 'seizure' of 'persons'" pursuant to the Fourth Amendment. *Whren v. United States*, 517 U.S. 806, 809–10 (1996). The stop, therefore, must not be "unreasonable." *Id.* When there is probable cause, a search or seizure is likely reasonable. *See United States v.*

7

*Baley*, 505 F. Supp. 3d 481, 488 (E.D. Pa. 2020) ("Generally, for a search or seizure to be reasonable, it must be carried out with a warrant based on probable cause."); *Artiles v. Vitanza*, No. 06-5427, 2009 WL 2426259, at *10 (D.N.J. Aug. 6, 2009) (explaining that permissibility of seizure depends on probable cause).

As such, the Court must determine whether probable cause existed when Defendant instituted the traffic stop of Plaintiff's car.[7] Probable cause exists where "viewing the totality of the circumstances, 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Hodge*, 246 F.3d 301, 305 (3d Cir. 2001) (quoting *Illinois v. Gates,* 462 U.S. 213, 238 (1983)); *Wilson v. Russo*, 212 F.3d 781, 789 (3d Cir. 2000) (noting that probable cause "exists if there is a 'fair probability'" of a crime); *Meketa v. Kamoie*, 955 F. Supp. 2d 345, 363 (M.D. Pa. 2013) ("It has long been held that probable cause exists where the facts and circumstances are such that a 'prudent' or 'reasonable' person may fairly believe that a crime had been committed and that the suspect had committed it." (quoting *Sherwood v. Mulvihill*, 113 F.3d 396, 399 (3d Cir. 1997))).

In the case at bar, Defendant searched Plaintiff's car pursuant to a warrant issued by Judge Daniels upon a finding of probable cause. (*See generally*, ECF No. 51-2, Ex. A.) As such, since the search was pursuant to a "valid warrant," the inquiry focuses on the validity of the warrant and whether Defendant "knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that created a falsehood in applying for a warrant." *Andrews v.*

---

[7] While the Third Circuit has noted a tension in reviewing whether probable cause exists at summary judgment, as "it is axiomatic that at [this stage], we view the facts in the light most favorable to the nonmoving party, . . . the court must view *all* such facts and assess whether any reasonable jury could conclude that those facts, considered in their totality in the light most favorable to the nonmoving party, did not demonstrate a 'fair probability' that a crime occurred." *Dempsey v. Bucknell Univ.*, 834 F.3d 457, 468 (3d Cir. 2016) (emphasis in original).

*Scuilli*, 853 F.3d 690, 697 (3d Cir. 2017) (quoting *Sherwood*, 113 F.3d at 399) (cleaned up). Therefore, to succeed, Plaintiff must show that the warrant was invalid. *Sherwood*, 113 F.3d at 399.

To challenge the validity of a warrant, the plaintiff "must prove, by a preponderance of the evidence, (1) that the affiant knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant; and (2) that such statements or omissions are material, or necessary, to the finding of probable cause." *Id.* (citing *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978)). A statement is made with "reckless disregard" where "the affiant must have entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported." *Andrews*, 853 F.3d at 698 (citation omitted). "[O]missions are made with reckless disregard if an officer withholds a fact in his ken that '[a]ny reasonable person would have known that this was the kind of thing the judge would wish to know.'" *Wilson v. Russo*, 212 F.3d 781, 788 (3d Cir. 2000) (quoting *United States v. Jacobs*, 986 F.2d 1231, 1235 (8th Cir.1993)).

Notably, Plaintiff admits that "if Alvarado's reports are accurate and complete, Brick police had more than enough evidence to secure an arrest warrant and/or an indictment against Plaintiff; and/or obtain a search warrant for his home." (Opp'n at *5.) Plaintiff only objects to the omission of the IA complaint with respect to the search warrant for the car. (*Id.*) In particular, Plaintiff questions "whether the stop would have proceeded regardless of, or in the absence of, the IA complaint." (*Id.*) The Court construes Plaintiff's argument as contending that Defendant's failure to disclose Plaintiff's IA complaint in the probable cause affidavit submitted to Super Court Judge Daniels constituted a reckless and material omission such that, had the information about the IA complaint been included, probable cause would not have existed.

9

Here, *assuming arguendo*, that Defendant omitted the IA complaint with "reckless disregard for the truth," Plaintiff must show that "the omissions were material, or necessary, to the probable cause determination." *United States v. Lucidonio*, 592 F. Supp. 3d 381, 388 (E.D. Pa. 2022) (citations and quotation marks omitted). As the Third Circuit has articulated, this inquiry requires district courts to "identify any improperly asserted or omitted facts and, if it determines there were reckless misrepresentations or omissions, 'excise the offending inaccuracies and insert the facts recklessly omitted' from the affidavit and assess whether the reconstructed affidavit would establish probable cause." *Dempsey v. Bucknell Univ.*, 834 F.3d 457, 470 (3d Cir. 2016) (quoting *Wilson*, 212 F.3d at 789)). This entails a "literal, word-by-word constructions of challenged affidavits." *Id.*; *Wilson*, 212 F.3d at 789 ("To determine the materiality of the misstatements and omissions, we excise the offending inaccuracies and insert the facts recklessly omitted, and then determine whether or not the 'corrected' warrant affidavit would establish probable cause.")

As such, the Court reconstructs the warrant with the omission. The majority of the warrant would remain unchanged. However, it would contain an additional paragraph describing Plaintiff's I.A. complaint; specifically, that Defendant pulled over and arrested an individual who had borrowed Plaintiff's car, and that Plaintiff complained about the appearance of, and damage to, his vehicle and its contents following the arrest.

Even including this omission, the probable cause underlying the search warrant does not change. The affidavit would still describe a multiple months long investigation into Plaintiff — including numerous meetings between the CI and Plaintiff in which the CI purchased marijuana from Plaintiff and the several conversations the CI had with Plaintiff regarding same. (ECF No. 51-2, Ex. A at *5–9.) It would still recite the surveillance by Brick Township police detectives that

monitored Plaintiff driving from his home to to the pre-arranged drug sales in his Toyota 4Runner. (*Id.* at \*9–10.) As such, the affidavit would continue to include a detailed summary of the underlying drug deals and conversations that led Judge Daniels to issue the warrant in the first place. *See Lucidonio*, 592 F. Supp. 3d at 391 (finding no material omission where the "magistrate judge would have been faced with the same facts" regarding the alleged fraudulent tax scheme and any ulterior "motive would have been far outweighed by the fair probability that the Defendants had committed the crimes alleged"); *Smithwick v. Detective*, No. 18-1057, 2019 WL 1458993, at \*7 (W.D. Pa. Apr. 2, 2019) (holding "omissions were not material or necessary to the finding of probable cause" where the corrected affidavit nonetheless explained that "there was a 'fair probability' that a crime occurred and that [the plaintiff] was the perpetrator of the crime"). Therefore, "no reasonable jury could find facts that would lead to the conclusion that [Defendant's] 'corrected' warrant lacked probable cause." *Wilson*, 212 F.3d at 792; *Lucidonio*, 592 F. Supp. at 391 (explaining that the "probable cause standard does not require a certainty but instead a 'reasonable probability,'" and holding none of the omitted facts changed the underlying finding of probable cause).

Moreover, "[s]ubjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis." *Whren*, 517 U.S. at 813; *United States v. Kennedy*, No. 06-591, 2007 WL 1366967, at \*2 (E.D. Pa. May 2, 2007), *aff'd*, 434 F. App'x 51 (3d Cir. 2011) ("An officer's ulterior motive for making a stop is irrelevant."). While Plaintiff believes that Defendant pulled Plaintiff over because of his IA Complaint, (*see* Opp'n at \*5), Defendant's motive for the stop is immaterial, so long as probable cause existed for the stop. In addition, Plaintiff's repeated and self-serving allegations that Alvarado falsified the contents of the affidavit, (*see id.*; Pl. SOF 2 ¶ 6), do not alter the finding that probable cause existed. Plaintiff proffers no factual support for this allegation aside

from his subjective conjecture, which fails to establish a genuine issue of material fact. *See Williams v. Rowan Univ.*, No. 10-6542, 2014 WL 7011162, at *15 (D.N.J. Dec. 11, 2014) ("An inference based upon speculation or conjecture does not create a material factual dispute sufficient to defeat entry of summary judgment" (quoting *Johnson v. Multi–Solutions, Inc.*, 493 F. App'x 289, 292 (3d Cir. June 28, 2012))).[8] Therefore, the Court grants summary judgment to Defendants on Counts Four and Five.

As in *Lucidonio* and *Smithwick*, the purported omission in Defendant's affidavit in the case at bar would not have changed the finding of probable cause to issue a search warrant. The affidavit would have included "the same facts" regarding the controlled marijuana sales by Plaintiff to the CI, and the identical information regarding multiple sources stating that they had seen Plaintiff with handguns. *Lucidonio*, 592 F. Supp. 3d at 391. The alleged omission failed to rebut or alter any evidence regarding the investigation into Plaintiff, and as such, the omission would not change the "fair probability" that Plaintiff was involved in the conduct described in Defendant's affidavit. *Smithwick*, 2019 WL 1458993, at *7. Moreover, Defendant's motive in initiating the traffic stop following Plaintiff's IA complaint "is irrelevant," as the stop was justified by a warrant supported by probable cause. *Kennedy*, No. 06-591, 2007 WL 1366967, at *2. Plaintiff's selective and subjective belief that the stop resulted from his IA complaint, as opposed to the warrant, does not create a genuine issue of material fact. *Williams*, 2014 WL 7011162, at *15.

---

[8] Plaintiff also points to the fact that the detectives approached Plaintiff "with weapons drawn" as evidence of retaliation for the IA complaint. (*See* Opp'n at *5.) While not explained in Defendant's motion, the Court notes that Defendant's affidavit states that multiple informants reported seeing Plaintiff with handguns. *See* ECF No. 51-1, Ex. A at *10) ("This confidential source stated that he/she has personally seen [Plaintiff] in possession of this gun and stated that [Plaintiff] was also in possession of other handguns."); *see also United States v. Edwards*, 53 F.3d 616, 619 (3d Cir. 1995) (explaining that police officers may "take such steps 'reasonably necessary to protect their personal safety and to maintain the status quo during the course of the stop,'" including approaching vehicle with weapons during "an investigative stop" (quoting *United States v. Hensley*, 469 U.S. 221, 235 (1985))).

### B.     FREE SPEECH VIOLATIONS

In Counts Six and Seven, Defendant asserts free speech retaliation claim under the First Amendment and its NJCRA analog. (ECF No. 4 ¶¶ 57–60.) It is axiomatic that "'the First Amendment prohibits government officials from subjecting an individual to retaliatory actions' for engaging in protected speech." *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019) (quoting *Hartman v. Moore*, 547 U.S. 250, 256 (2006)). To state a First Amendment retaliation claim, a plaintiff must show: "(1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." *Thomas v. Indep. Twp.*, 463 F.3d 285, 296 (3d Cir. 2006).

A plaintiff cannot solely "show that an official acted with a retaliatory motive and that the plaintiff was injured—the motive must cause the injury. Specifically, it must be a 'but-for' cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive." *Nieves*, 139 S. Ct. at 1722. The existence of probable cause, however, defeats a First Amendment retaliation claim. *Id.* at 1728; *Ramon v. Stone*, No. 18-16402, 2023 WL 3092189, at *5 (D.N.J. Apr. 26, 2023), *appeal dismissed*, No. 23-1979, 2023 WL 8252991 (3d Cir. June 16, 2023) (granting summary judgment on First Amendment retaliation claim where probable cause existed to make arrest); *Fehl v. Borough of Wallington*, No. 17-11462, 2021 WL 4473157, at *17 (D.N.J. Sept. 30, 2021), *aff'd*, No. 21-3019, 2023 WL 385168 (3d Cir. Jan. 25, 2023) (free speech retaliation claims failed where underlying arrest was supported by probable cause).

Here, probable cause existed for the alleged retaliatory action — the traffic stop — which, under *Nieves*, severs the casual connection between Plaintiff's First Amendment speech and the retaliation. As discussed above, Defendant procured a warrant, supported by probable cause (even

13

including any alleged omissions). As such, Plaintiff fails to demonstrate that "the adverse action . . . would not have been taken absent the retaliatory motive." *Nieves*, 139 S.Ct. at 1722. In addition, as *Nieves* instructs, while Defendant may have told Plaintiff that "this is what happens when you make an IA complaint," the "particular officer's state of mind is simply 'irrelevant.'" *Id.* at 1725 (quoting *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004)).[9] Because probable cause existed, Plaintiff's free speech claim fails as a matter of law, and, therefore, the Court grants summary judgment for Defendant on Counts Six and Seven.[10]

---

[9] In *Nieves*, the Supreme Court adopted a "narrow qualification . . . for circumstances where officers have probable cause to make arrests, but typically exercise their discretion not to do so." *Id.* at 1727. That exception is not applicable here, as Plaintiff's opposition lacks any suggestion that the upon receiving a search warrant, Brick Township police officers typically do not execute the warrants.

[10] Because the Court grants summary judgment for Defendant, it does not address Defendant's argument that he is entitled to qualified immunity.

14

## IV.     CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is **GRANTED**, and judgment for Defendant on the remaining Counts of Plaintiff's Complaint will be entered. An appropriate Order will accompany this Opinion.

_____
ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE

Dated: February 6, 2024